IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00209-MR

MARCUS DEVAN HUNTER,[1]    )
                           )
            Petitioner,    )
                           )
vs.                        )
                           )
HAROLD REEP,               )    **ORDER**
                           )
            Respondent.    )
_____)

**THIS MATTER** is before the Court on the pro se Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 1], and on the Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 3].[2]

---

[1] The Petitioner has also filed an action in this Court pursuant to 42 U.S.C. § 1983 under the name Versa Divine, Case No. 1:23-cv-248-MR-SCR.

[2] The Petitioner also filed a Letter [Doc. 4] in which he: refers to this case and a case that was filed in another District; makes an argument about supplemental jurisdiction; and refers to documents that were returned to him by the Court on August 3, 2023, before the instant case was filed. The Petitioner is instructed that each filing in this Court must include the case number at the top of the first page. Documents that do not comply or that address multiple cases will be returned to the Petitioner. Further, should the Petitioner seek relief from the Court, he must do so by filing a Motion. Letters will not receive a response.

## I. BACKGROUND

The pro se Petitioner, who is serving a life sentence for murder in the North Carolina Department of Adult Corrections (NCDAC) at the Foothills Correctional Institution, filed this action pursuant to 28 U.S.C. § 2241. The Petitioner claims to be an intersex and transgender woman with a diagnosis of gender dysphoria, a serious medical condition that qualifies as a disability under the ADA. [Doc. 1 at 2, 12]. The Petitioner claims that NCDAC has provided deliberately indifferent care by denying multiple requests for transfer to a female facility, medical treatment including gender-affirming surgery, psychological treatment, and various accommodations including private showering and female clothing; has failed to review these requests in accordance with NCDAC policy; and has failed to investigate and review the Petitioner's complaints pursuant to the PREA. The Petitioner contends that NCDAC's failure to provide the foregoing has resulted in severe distress and an attempted suicide. [Id. at 18]. The Petitioner seeks transfer to a female facility, costs, and any further relief that the Court deems appropriate. [Id. at 22].

## II. APPLICATION TO PROCEED IN FORMA PAUPERIS

The Petitioner's Application shows that he has had an average monthly income of $50 during the past 12 months, consisting entirely of gifts. [Doc. 3

at 1-2]. The Petitioner expects to receive no income next month. [Id.]. The Petitioner reports having no assets, but claims to be owed $2,800 from the IRS.. [Id. at 2-5]. The Petitioner does not have any monthly expenses. [Id. at 4-5]. The Petitioner does not expect any major changes in income, expenses, assets or liabilities during the next 12 months. [Id. at 5]. The Petitioner does not expect to spend any money for expenses or attorney fees in conjunction with this action. [Id.]. The Petitioner further explains the inability to pay the costs of these proceedings as follows: "no source of income – socio-economic instability." [Id. at 5]. The Court is satisfied that the Petitioner does not have sufficient funds to pay the filing fee and will grant the Petitioner's Application to proceed in forma pauperis.

### III. STANDARD OF REVIEW

Rule 4 of the Rules Governing Section 2254 Proceedings, as it pertains to § 2241 actions, provides that courts are to promptly examine habeas petitions to determine whether the petitioner is entitled to any relief on the claims set forth therein. See Rule 1(a), (b), 28 U.S.C. foll. § 2254 (a district court may apply the rules for § 2254 proceedings to habeas petitions other than those filed under § 2254). Pro se pleadings are construed liberally. See generally Haines v. Kerner, 404 U.S. 519 (1972) (a pro se complaint, however inartfully pled, must be held to less stringent standards than formal

pleadings drafted by lawyers). After examining the record in this matter, the Court finds that the § 2241 Petition can be resolved without an evidentiary hearing based on the record and the governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**IV. DISCUSSION**

The Petitioner's claims appear to be in the nature of a civil rights action pursuant to 42 U.S.C. § 1983. See Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999) (to state a claim under § 1983, a Petitioner must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law."). Accordingly, the Petitioner should assert these claims in a separate § 1983 action. See generally Prieser v. Rodriguez, 411 U.S. 475 (1973) (habeas and civil rights suits pursuant to 42 U.S.C. § 1983 are mutually exclusive); Farabee v. Clarke, 967 F.3d 380 (4th Cir. 2020) (noting that the Fourth Circuit has yet to address in a published opinion whether a prisoner's claim addressing conditions of confinement may be raised in a habeas petition); see, e.g., Rodriguez v. Ratledge, 715 F. App'x 261, 265–66 (4th Cir. 2017) ("[C]ourts have generally held that a § 1983 suit or a Bivens action is the appropriate means of challenging conditions of confinement, whereas § 2241 petitions are not."); Braddy v. Wilson, 580 Fed. App'x 172

4

(4th Cir. 2014) (affirming dismissal of habeas petition alleging a condition of confinement claim as improperly brought under Section 2241); Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983) ("The principle to be deduced from Preiser ... appears to be that when the claim relat[es] to [conditions of confinement] ... the suit [must be] a § 1983 action."). The Court notes that the Petitioner has filed a separate § 1983 action in this Court, Case No. 1:23-cv-248-MR-SCR. Therefore, to the extent that Petitioner seeks to assert § 1983 claims, he must do so in Case No. 1:23-cv-248-MR-SCR or in a separate § 1983 suit that will require its own filing fee.[3]

Moreover, to the extent that the Petitioner wishes to assert a challenge to his convictions or sentence, or the execution of the same, he must do so in a separate action pursuant to 28 U.S.C. § 2254. See In re Wright, 826 F.3d 774, 779 (4th Cir. 2016) ("[W]e conclude that, regardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a State court should be treated as applications under section 2254 … even if they challenge the execution of a state sentence.")

---

[3] See generally Fed. R. Civ. P. 18, 19, 20. The Court makes no determinations about the potential merit or procedural viability of the Petitioner's § 1983 claims.

(quotations omitted). Accordingly, the instant Petition is dismissed without prejudice to file a separate action pursuant to § 2254.[4]

## V. CONCLUSION

For the foregoing reasons, the Court grants Petitioner's Application to proceed IFP, and dismisses this action without prejudice.

## ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. 3] is **GRANTED**.

The Clerk is respectfully instructed to mail the Petitioner blank § 2254 and § 1983 forms and a copy of this Order.

**IT IS SO ORDERED.** Signed: September 19, 2023

Martin Reidinger
Chief United States District Judge

---

[4] The Court makes no determinations about the potential merit or procedural viability of an action pursuant to § 2254. The Petitioner previously sought § 2254 relief in the United States District Court for the Middle District of North Carolina, Case No. 1:13-cv-202-NCT-JLW. Any future § 2254 action would be subject to all timeliness and procedural requirements, including the prohibition against unauthorized second or successive petitions.